## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYLE MARCEL PAGE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-2346** |
| | : | |
| **MATTHEW WEINTRAUB,** | : | |
| **Defendant.** | : | |

**KEARNEY, J.**                                                                                   **June 6, 2018**

### MEMORANDUM

Kyle Marcel Page, currently incarcerated at SCI Mercer, *pro se* sues the Bucks County District Attorney who supervises the office which prosecuted Mr. Page. Mr. Page seeks civil rights damages under 42 U.S.C. § 1983. He moves to proceed *in forma pauperis*. We grant Mr. Page leave to proceed *in forma pauperis* (ECF Doc. No. 1) but must dismiss his Complaint.

### I.      Plead facts.

Mr. Page alleges Matthew Weintraub "is a head district attorney in which his department signed off on charges in which District Attorney Alan Garabedian knew were false & perjured by cops."[1] Mr. Page alleges he has been incarcerated for 15 months.[2] He alleges "cops planted & fabricated evidence using their badges for unjustice [sic] a violation of [his] 4th Amendment."[3]

### II.     Analysis.

#### A.    We grant leave to proceed *in forma pauperis*.

We grant Mr. Page leave to proceed *in forma pauperis* as it appears he is not capable of paying the fees to commence this case.[4] Mr. Page's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires we dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), it is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)[5], which requires we determine whether his complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] "[M]ere conclusory statements do not suffice."[7] As Mr. Page is proceeding *pro se*, we construe his allegations liberally.[8]

## B. We dismiss Mr. Page's civil rights claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] Prosecutors, such as District Attorney Weintraub, are entitled to absolute immunity from liability under § 1983 for acts in which "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."[10] District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.[11]

As Mr. Page's claims against Mr. Weintraub are based on conduct occurring in the course of his prosecutorial capacity, his claims are barred by absolute immunity.

## III. Conclusion.

In the accompanying Order, we grant Mr. Page leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice. As Mr. Weintraub is absolutely immune, Mr. Page will not be permitted to file an amended complaint, as an amendment is futile.[12]

---

[1] ECF Doc. No. 2.

[2] *Id.*

[3] *Id.*

[4] As Mr. Page is a prisoner, he is obligated to pay the $350.00 filing fee in installments under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[5] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[10] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[11] *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

[12] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).